# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-454V
Filed: January 18, 2022
UNPUBLISHED

| | |
|---|---|
| ROBERT THOMAS FREY,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner<br><br>Influenza (flu) Vaccine; Guillain-Barre Syndrome (GBS); Involuntary Dismissal; Vaccine Rule 21; Insufficient Proof; Twelve-Week Onset |

*Robert Thomas Frey*, Prospect, KY, pro se petitioner.
*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On March 28, 2019, petitioner filed this claim alleging that an influenza ("flu") vaccine administered October 8, 2017, caused him to suffer Guillain Barre Syndrome within 42 days of his vaccination. (ECF No. 1 ("Pet").) For the reasons discussed below, this petition is now dismissed.

### I.　Procedural History

Respondent filed his Rule 4(c) report recommending against compensation on October 26, 2020. (ECF No. 30.) Respondent contends that onset of petitioner's condition occurred twelve weeks post-vaccination, too late to be causally associated to the flu vaccine. (*Id*. at 4-5.) On November 30, 2020 Special Master Corcoran ordered petitioner to show cause why his case should not be dismissed. (ECF No. 31.) Petitioner's counsel filed a response to the order to show cause on December 1, 2021. (ECF No. 32.) Petitioner's counsel indicated that he was waiting on petitioner's

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

authority on how to proceed.  (*Id.*)  Petitioner's counsel thereafter filed a motion to withdraw on February 10, 2021.  (ECF No. 33.)  Petitioner's counsel's motion was granted, and petitioner elected to proceed *pro se.*  (ECF Nos. 34-35.)  This case was reassigned to me on April 19, 2021.  (ECF No. 39.)

On April 21, 2021 I issued an order instructing petitioner to file an expert report supporting his claim.  (ECF No. 40.)  Petitioner failed to file an expert report.  On August 20, 2021 I again ordered petitioner to file an expert report, attaching a courtesy copy of the previous order as well as respondent's response to his petition (the Rule 4(c) Report).  (ECF No. 42.)  I set a filing deadline of October 15, 2021.  I explained that given how difficult this case will be to prosecute and petitioner's inaction, it is unclear whether petitioner intends to continue his claim. I cautioned that if petitioner failed to meet this October 15, 2021 filing deadline, I would issue an Order to Show Cause why this case should not be involuntarily dismissed.  I advised that an Order to Show Cause represents petitioner's final opportunity to avoid dismissal.  (*Id.*)

Petitioner did not file the required expert report or otherwise communicate with the Court regarding his filing obligations.  An Order to Show Cause why this case should not be dismissed issued on November 9, 2021, giving petitioner a final period of 60 days within which to comply with his filing obligation.  (ECF No. 44.)  Petitioner was once again advised that failure to respond to the Order to Show Cause would result in involuntary dismissal of his claim.  (*Id*. at 2.)  The January 10, 2022 deadline set by the Order to Show Cause has passed and petitioner has not filed an expert report, any other response, or otherwise been in contact with the Court.

## II.     Discussion

In general, to receive compensation in the Vaccine Program, a petitioner must prove either (1) that the vaccinee suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that the vaccinee suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act also limits compensation only to those cases that are supported by either medical records or the opinion of a competent physician.  The Vaccine Act states with regard to a finding that petitioner can recover for his injury that: "The special master or court may not make such finding based on the claims of a petitioner alone, unsubstantiated by medical records or medical opinion." 42 U.S.C. § 300aa-13(a)(1).

The petition alleges "a table injury as Petitioner developed the first symptom of Guillain Barre Syndrome within 42 days of the administration of the vaccine" and that "the first symptom of the injury occurred between 3 and 42 days after the administration

of the vaccine." (Pet. at 1.)  The petition asserts that Petitioner's symptoms began two weeks after vaccination and worsened around early January 2018.  (*Id*. at ¶ 4.)  Petitioner's medical records, however, reflect that petitioner experienced bilateral lower extremity numbness beginning in early January 2018.  (Ex. 3, pp. 13-15, 21, 32; Ex. 7, p. 3.)  This places onset of his condition about 12 weeks post-vaccination.  Petitioner's treating physicians declined to attribute his GBS to his vaccination occurring 12 weeks prior.  (Ex. 9, pp. 14, 20-21; Ex. 10, p. 1.)

      Petitioner filed an affidavit averring that approximately two weeks after his vaccination he experienced numbness and tingling, unexplained dizziness, and low back pain.  (Ex. 4, p. 1.)  He confirmed, however, that he did not seek treatment for these complaints until January 6, 2018, when he avers that "the symptoms were so bad that I sought medical attention and was admitted to the hospital." (*Id.*)  Accordingly, petitioner's account is not corroborated by any contemporaneous medical records.  As noted above, the Vaccine Act itself forbids a special master from ruling in petitioner's favor based solely on his or her assertions; rather, the petition must be supported by either medical records or by the opinion of a competent physician.  42 U.S.C. § 300aa-13(a)(1).  Moreover, petitioner's account of a two-week post-vaccination onset is contradicted by his contemporaneous treatment records.  *Cucuras v. Sec'y of Health & Human Servs*., 993 F.2d 1525, 1528 (Fed. Cir. 1993) (explaining that Medical records, in general, warrant consideration as trustworthy evidence.  The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events.")

      Petitioner has not filed an expert medical opinion to support his contention that the symptoms he alleged during October, November, and December of 2017 were related to his later diagnosed GBS or consistent with the expected pattern of onset for GBS.  His medical records do not make any such connection as this was not the history reported to his treating physicians.  (Ex. 9, pp. 14, 20-21; Ex. 10, p. 1.)  Nor has he alternatively provided an expert medical opinion to support vaccine-causation based on the history and presentation reflected in his medical records (*i.e.,* a 12-week post-vaccination onset).  As noted above, his treating physicians declined to offer such an opinion.  (*Id.*)

      Pursuant to Vaccine Rule 8(a), the special master "will determine the format for taking evidence and hearing argument based on the specific circumstances of each case and after consultation with the parties."  Vaccine Rule 8(d) expressly authorizes the special master to decide a case based on the written record without holding an evidentiary hearing.  In this case, the medical records do not contain preponderant evidence of any vaccine-related injury, either a Table Injury or any injury caused-in-fact by vaccination.  Nor has petitioner filed any expert medical opinion to support his allegations.  Additionally, under Vaccine Rule 21(b), the special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, petitioner was given multiple opportunities to address the issues

raised in previous orders and in respondent's Rule 4 Report responding to his allegations. Moreover, I have already provided petitioner a generous nine-month period, since April 2021, within which to secure an expert medical opinion. Yet, petitioner has been unable to comply with the order to file an expert report and has, in fact, repeatedly failed during the pendency of this case to respond to the filing deadlines set by court orders.

### III.     Conclusion

This case is now **DISMISSED** both for failure to prosecute and for insufficient proof. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.